```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                         BECKLEY
```

**MICHAEL BURNS,**

    **Movant,**

v.                                       **Case No. 5:06-cv-00877**
                                              **Case No. 5:03-cr-00030-01**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant's Motion to Vacate, Set Aside and Correct Sentence, pursuant to 28 U.S.C. § 2255 (docket sheet document # 149), which was filed on October 18, 2006. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge to make proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

On June 16, 2003, in the United States District Court for the Southern District of West Virginia, Movant Michael Burns (hereinafter "Defendant"), pled guilty (# 57), pursuant to a written plea agreement (# 58), to one count of distribution of a quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). On December 17, 2003, Defendant was sentenced by the presiding District Judge to 126 months in prison, followed by a term of supervised release of three years. Defendant was also ordered to pay a $100 special assessment. (See Judgment Order, # 94).

On December 18, 2003, Defendant appealed his sentence to the United States Court of Appeals for the Fourth Circuit. (# 85). By order dated September 19, 2005, the Fourth Circuit vacated Defendant's sentence and remanded the case to the District Court for resentencing in accordance with the United States Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). (United States v. Burns, No. 03-4972, 149 Fed. Appx. 171, 2005 WL 2271877 (4th Cir., Sept. 19, 2005))(# 117).

On January 24, 2006, Defendant was resentenced to 84 months in prison, a three-year term of supervised release, and a $100 special assessment. At the resentencing hearing, Defendant was represented by Leah P. Macia of the law firm of Bailey & Glasser. An Amended Judgment Order was entered on January 27, 2006. (# 134). Accordingly, Defendant had ten days from that date to file an appeal.

Ms. Macia, however, did not file a Notice of Appeal on Defendant's behalf during that ten-day period. Defendant then filed a pro se Notice of Appeal on or about May 8, 2006. The Fourth Circuit ultimately dismissed that appeal as untimely. (United States v. Burns, No. 06-4523 (Aug. 15, 2006)(# 144).

On October 18, 2006, Defendant filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (# 149). In the motion, Defendant claims only that Ms. Macia was asked to file a direct appeal for Defendant, but failed to do so.

2

(Id. at 4).

On October 24, 2006, the United States was directed to file a response to Defendant's motion (# 154). On November 8, 2006, the United States filed a Response to Defendant's section 2255 motion, which indicated that Ms. Macia has informed counsel for the United States that she, indeed, failed to file an appeal on Defendant's behalf. (# 166 at 2). Based upon the representations of Ms. Macia, counsel for the United States declared that "the interests of justice and judicial economy would best be served by granting the motion for collateral relief for the limited purpose of allowing defendant to raise his various challenges to his conviction and sentence on direct appeal" and that the United States would not oppose such limited relief. (Id. at 2-3).

## ANALYSIS

In United States v. Peak, the United States Court of Appeals for the Fourth Circuit held that "a criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." 992 F.2d 39, 42 (4th Cir. 1993). The appropriate remedy in such a case involves vacating the original Judgment Order and re-entering it, to restore the movant's right to appeal.

The Supreme Court of the United States modified this rule

somewhat in Roe v. Flores-Ortega, 528 U.S. 470 (2000). In that case the Court held:

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. * * *
>
> [W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal. * * *
>
> We similarly conclude here that it is unfair to *require* an indigent perhaps *pro se*, defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal. Rather, we require the defendant to demonstrate that, but for counsel's deficient conduct, he would have appealed.

528 U.S. at 480, 486. [Emphasis in original.] The Fourth Circuit followed the Flores-Ortega holding in United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000). In Miller v. United States, 150 F. Supp.2d 871, 880 (E.D.N.C. 2001), the court interpreted Witherspoon to "strongly suggest[] that advice about appeal should be given after sentencing."

Based upon the representations of counsel for the United States, the undersigned proposes that the presiding District Judge **FIND** that Defendant is entitled to relief under United States v. Peak, 992 F.2d 39 (4th Cir 1993). It is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Defendant's § 2255 motion

concerning the denial of his direct appeal, vacate Defendant's judgment, and re-enter it to allow for a new appeal period. The undersigned will take steps to have counsel appointed for Defendant.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have ten days (filing of objections), and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such

objections shall be served on opposing parties, Chief Judge Faber, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant, Michael Burns, and to counsel of record.

<table>
<tr><td>November 13, 2006<br>Date</td><td>/s/ Mary E. Stanley<br>Mary E. Stanley<br>United States Magistrate Judge</td></tr>
</table>